# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

CHINO SALVADOR,

     Plaintiff,

v.                                                                          Case No. 24-cv-1274-WJ-DLM

FNU SANCHEZ, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Chino Salvador's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Also before the Court are his Motions to Proceed *In Forma Pauperis* (Docs. 2, 3) (IFP Motions). Plaintiff is incarcerated and proceeding *pro se*. He alleges that prison officials failed to protect him from an attack. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the IFP Motions; dismiss the Complaint; and grant leave to amend.

## BACKGROUND[1]

Plaintiff was previously incarcerated at the Guadalupe County Correctional Facility (GCCF). *See* Doc. 1 at 2. The Complaint alleges a GCCF inmate stabbed Plaintiff on September 26, 2022. *Id.* at 3. The incident allegedly occurred "on Sergeant Sanchez's watch" and was the result of "his negligence." *Id.* at 2. The Complaint further alleges Sergeant Sanchez and GCCF "were aware of a problem arising and did nothing to prevent it." *Id.* at 3. Plaintiff was transferred

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1), which the Court accepts as true for the purpose of this ruling.

out of GCCF right after the incident. *Id.* at 4. The Complaint alleges that he suffers from post-traumatic stress disorder and nightmares. *Id.* at 3.

Based on these facts, the Complaint raises claims for deliberate indifference to health/safety under 42 U.S.C. § 1983 and the Eighth Amendment. *See* Doc. 1 at 2. The Complaint also cites "neglect," although it is unclear whether that is a separate cause of action. *Id.* (noting "Claim I" is for "neglect; deliberate indifference; cruel and unusual punishment"). Plaintiff seeks $500,000 in damages from two Defendants: (1) GCCF and (2) Sergeant Sanchez. *Id.* at 1-2. Plaintiff filed two IFP Motions along with an inmate account statement. *See* Docs. 2-3. The Court will grant the IFP Motions and calculate the initial filing fee, as set forth below, and screen the Complaint under 28 U.S.C. § 1915(e).

### *IN FORMA PAUPERIS* RELIEF

As to the IFP Motions, Plaintiff's financial information reflects he is unable to prepay the entire $405 filing fee for this action. The Court will therefore grant the IFP Motions, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

Plaintiff receives an average of $41.61 per month, which exceeds his average balance. *See* Doc. 3 at 3. The Court will assess an initial payment of $8.32 (which is 20% of the average deposits) pursuant to § 1915(b)(1)(A). Plaintiff must pay the initial payment within thirty (30) days of entry of this ruling. All filings must include the case number (No. 24-cv-1274-WJ-DLM) and be labeled as legal mail. After payment of the initial partial fee, Plaintiff is "required to make

monthly payments of 20 percent of the preceding month's income credited to [his] account."  28 U.S.C. § 1915(b)(2).  If Plaintiff fails to timely make the initial partial payment, his complaint may be dismissed without further notice.

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*

**DISCUSSION**

Plaintiff's claim under the Eighth Amendment is analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

The Complaint here names two Defendants: (1) GCCF and (2) Sergeant Sanchez. It is well settled that state prisons are not "persons" subject to suit under § 1983 or the state tort claims stautue. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" that can be sued under § 1983); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"); *Porter v. City of Portales*, 2022 WL 168420, at *3 (D.N.M. Jan. 19, 2022) (the Roswell County Detention Center "is not a suable entity under either § 1983 or the NMTCA"); *Jeter v. Lea Cnty. Det. Facility*, 2019 WL 1298101, at *6 (D.N.M. Mar. 21, 2019) (same). Any claims against GCCF therefore fail as a matter of law.

Plaintiff can potentially sue Sergeant Sanchez.  To state a § 1983 claim against Sanchez for deliberate indifference to health and safety, the allegations must show: "(1) the conditions of [Plaintiff's] incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted).  The objective component is met in this case, as Plaintiff was stabbed by a fellow inmate. *See Wilson v. Falk*, 877 F.3d 1204, 1210 (10th Cir. 2017) (where fellow inmate stabbed plaintiff, only subjective component was in dispute); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (noting a physical assault satisfies the objective component of the Eighth Amendment test).

To satisfy the subjective component of the test, each defendant must "know[] of and disregard[] an excessive risk to inmate … safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  In the context of failure to protect cases, prison officials must be aware of facts showing the attacker could be dangerous, beyond merely a prior disagreement between the parties.  *See, e.g., Miles v. Conrad,* 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Leonard v. Lincoln Cty. Bd. of Commissioners*, 790 Fed. App'x 891, 894 (10th Cir. 2019) (affirming dismissal of failure to protect claim where plaintiff generally described the attacker as a predator but went on to complain about the attacker changing the television channel and breaking his glasses); *Gray v. Sorrels*, 744 Fed. App'x 563, 570 (10th Cir.

2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent). The Tenth Circuit has found deliberate indifference, however, where the defendants received reports that fellow inmates were "making threats towards [the plaintiff's] life" and were "going to get him." *Wilson*, 877 F.3d at 1211.

The Complaint here does not provide any facts showing Sergeant Sanchez was aware of a substantial risk of harm. The allegations merely state Sanchez was "aware of a problem arising" without providing any additional detail. *See* Doc. 1 at 3. Such statement is too general to conclude that Sanchez knew or should have known that another inmate may stab Plaintiff. Elsewhere in the Complaint, Plaintiff alleges Sanchez's "negligence is why [Plaintiff] got stabbed." *Id.* at 2. However, a claim for deliberate indifference requires the plaintiff to prove "a higher degree of fault than negligence, or even gross negligence." *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1495 (10th Cir. 1990). Plaintiff has therefore not shown Sanchez was deliberately indifferent to the risk of attack.

For these reasons, the Complaint fails to state a cognizable claim against any Defendant under 42 U.S.C. § 1983. The Complaint's reference to "neglect" is also insufficient to raise any particular claim under state law. The Court will dismiss the Complaint without prejudice under 28 U.S.C. § 1915(e). The Tenth Circuit counsels that *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, unless amendment would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. The amendment will supersede the current Complaint and must include all claims Plaintiff wishes to raise. If Plaintiff fails to

timely amend or files another complaint that fails to state a cognizable claim, the Court may dismiss the federal claims with or without prejudice.  The Court may also decline to exercise supplemental jurisdiction over any state law claims and dismiss those claims without prejudice.

**IT IS ORDERED** that Plaintiff's Motions to Proceed *In Forma Pauperis* (**Docs. 2, 3**) are **GRANTED**; and within thirty (30) days after entry of this ruling, Plaintiff shall send to the Clerk an initial partial payment of **$8.32**.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e); and within thirty (30) days of entry of this ruling, Plaintiff shall file an amended complaint as set forth above.

**SO ORDERED**.

/s/

_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE