IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINO SALVADOR,

    Plaintiff,

v.                                                      Case No. 24-cv-1274-WJ-DLM

FNU SANCHEZ, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Chino Salvador's failure to amend his 42 U.S.C. § 1983 complaint and pay the filing fee as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. The original Complaint (Doc. 1) alleges that Plaintiff was stabbed by a fellow inmate at the Guadalupe County Correctional Facility (GCCF). The incident allegedly occurred "on Sergeant Sanchez's watch" and was the result of his negligence. *See* Doc. 1 at 2. The original Complaint raises 42 U.S.C. § 1983 claims against those Defendants for deliberate indifference to health/safety violation of the Eighth Amendment. *Id*. The Complaint also cites "neglect," although it is unclear whether that is a separate cause of action. *Id*. (noting "Claim I" is for "neglect; deliberate indifference; cruel and unusual punishment").

    By a ruling entered July 15, 2025, the Court granted leave to proceed *in forma pauperis;* screened the original Complaint; and determined it fails to state a cognizable 42 U.S.C. § 1983 claim. *See* Doc. 4 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). The Court also ordered Plaintiff to pay an initial partial filing fee of $8.32.

The Screening Ruling explains that GCCF is not a person subject to suit under 42 U.S.C. § 1983. *See Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"). It further explains that while Sergeant Sanchez is subject to suit, the original Complaint (Doc. 1) fails to sufficiently allege facts showing Sanchez "kn[e]w[] of and disregard[ed] an excessive risk to inmate … safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In particular, the original Complaint is devoid of facts showing that Sanchez knew Plaintiff's attacker could be dangerous, aside from the existence of an unspecified "problem." *See, e.g., Miles v. Conrad,* 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated … that [his] cellmate was stealing … and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior"); *Leonard v. Lincoln Cty. Bd. of Commissioners*, 790 Fed. App'x 891, 894 (10th Cir. 2019) (affirming dismissal of failure-to-protect claim where plaintiff generally described the attacker as a predator but went on to complain about the attacker changing the television channel and breaking his glasses); *Gray v. Sorrels*, 744 Fed. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent). The Screening Ruling also explains that, to the extent Plaintiff believes Sanchez's "negligence is why [he] got stabbed," such circumstances are insufficient to demonstrate a constitutional violation. *See* Doc. 1 at 2. *See Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1495 (10th Cir. 1990) (deliberate indifference requires the plaintiff to prove "a higher degree of fault than negligence, or even gross negligence").

For these reasons, the Court dismissed the original Complaint (Doc. 1) without prejudice.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend within thirty (30) days of entry of the Screening Ruling.  The Screening Ruling warns that if Plaintiff fails to timely comply, the Court may dismiss all federal claims with prejudice and dismiss state law claims (if any exist) without prejudice.  The deadline to file an amended complaint and pay the initial filing fee was August 14, 2025.  Plaintiff did not comply or otherwise respond to the Screening Ruling, which was returned as undeliverable.  *See* Doc. 5.  Plaintiff has not updated his address as required by local rule.  *See* D.N.M. Local Civil Rule 83.6 (*pro se* parties have a continuing duty to notify the Clerk's Office regarding any change in address).

The Court has the option to dismiss with prejudice for failure to state a cognizable federal claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).  *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal").  Because Plaintiff did not pay the initial filing fee or update his address, the Court also has the option to dismiss this case without prejudice for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  *See also Brown v. Sherry,* 2025 WL 1354791, at *2 (10th Cir. May 9, 2025) (affirming Rule 41(b) dismissal where inmate-plaintiff failed to pay the initial filing fee).  Plaintiff could then refile his claims before the statute limitations runs.  *See* Doc. 1 at 3 (noting the date of the stabbing); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims.").  Due to the nature of the claims, the Court will dismiss this case without prejudice under Rule 41(b) for failure

to prosecute and comply with Orders.  Plaintiff must refile his claims, if he still seeks relief based on the stabbing at GCCF.

**IT IS ORDERED** that this case, including each claim in Plaintiff Chino Salvador's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Rule 41(b); and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

/s/
_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE